ORIGINAL

# In the United States Court of Federal Claims

No. 14-1134C
(Filed: February 3, 2015)
NOT FOR PUBLICATION

FILED
FEB - 3 2015
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| ISREAL OWEN HAWKINS, JR., ) | |
| ) | |
| *Pro Se* Plaintiff, ) | *Pro Se*; RCFC 83.1(a)(3); Denial of |
| ) | Motion to Appoint Counsel. |
| v. ) | |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

## ORDER DISMISSING COMPLAINT

Pending before the court is defendant the United States's ("the government") motion to dismiss the pro se complaint filed by plaintiff Isreal Owen Hawkins, Jr. ("Mr. Hawkins").[1] In his complaint, titled "Shareholder Civil Complaint For Violating The Fifth Amendment Taking Clause And Wrongful Interference With Commerce," plaintiff seeks damages in the amount of $25 billion in connection with the alleged unlawful seizure of Petro America Corporation's ("the corporation") "operational capital and liquidity corporate account." Civil Complaint at 2. Mr. Hawkins, a shareholder in the corporation, claims to be representing both the corporation and a class of other shareholders holding stock in the corporation. The defendant has moved to dismiss the complaint, arguing that the case must be dismissed because Mr. Hawkins, as a pro se plaintiff, cannot represent a corporation and cannot represent the class members he seeks to represent. The court agrees with the government for the reasons that follow.

Under the Rules of the United States Court of Federal Claims ("RCFC"), a non-lawyer may represent only himself and immediate family members. RCFC 83.1(a)(3)

---

[1] Plaintiff, who is currently incarcerated in Federal Correctional Complex Forrest City-Medium, Forrest City, Arizona, filed his original complaint on behalf of Petro America Corp. and its shareholders on November 21, 2014. The court allowed the plaintiff to file an amended complaint to correct a mistake in that document on January 20, 2015. The court also allowed plaintiff to file, on that same date, a Supplemental Sworn Statement of Fact signed by plaintiff, Isreal Owen Hawkins, Jr. This order is based on the court's review of these recently filed documents.

("An individual who is not an attorney may represent oneself or a member of one's immediate family, but may not represent a corporation, an entity, or any other person in any proceeding before this court."). This rule has been held to apply to individual shareholders seeking to represent the interests of a corporation. Specifically, the Federal Circuit has held that a corporation may not be represented by a shareholder, appearing pro se. Talasila, Inc. v. United States, 240 F.3d 1064, 1067 (Fed. Cir. 2001); see also 7A Wright, Miller & Kane, Federal Practice and Procedure § 1769.1 (3d ed. Sept. 2014) ("Class representatives cannot appear pro se."). The circuit has held that the rules of this court are "clear and unqualified" and require, without exception, that a corporation be represented by an attorney. Talasila, 240 F.3d at 1067. In such circumstances, Mr. Hawkins cannot maintain this action on behalf of the corporation. In addition, Mr. Hawkins cannot represent individuals who are not members of his immediate family and thus may not bring a class action on behalf of the corporation's shareholders. Rose v. United States, No. 10-224, 2010 WL 4340950, at *1 & n.1 (Fed. Cl. Oct. 29, 2010) (rejecting pro se plaintiff's attempt to represent a class).[2] Accordingly, Mr. Hawkins' complaint must be dismissed.

## CONCLUSION

For these reasons, the government's motion to dismiss is **GRANTED** and the clerk is directed to dismiss the complaint.[3] No costs.

**IT IS SO ORDERED.**

NANCY B. FIRESTONE
Judge

---

[2] The court recognizes that the plaintiff has asked the court to appoint counsel, but the plaintiff is not entitled to court-appointed counsel. Under 28 U.S.C. § 1915(e)(1), this Court has the authority to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); see also 28 U.S.C.§ 2503(d)) ("[F]or the purpose of construing section[] . . . 1915 . . . of this title, the United States Court of Federal Claims shall be deemed to be a court of the United States."). The Federal Circuit has explained, however, that "[i]n civil proceedings, . . . , the right to counsel is highly circumscribed, and has been authorized in exceedingly restricted circumstances." Lariscey v.United States, 861 F.2d 1267 (Fed. Cir. 1988). The circuit has stated that civil cases involving violations of the Fifth Amendment takings clause, like the one at issue here, do not merit the appointment of counsel. Id. at 1271. As such, the request is **DENIED**.

[3] Plaintiff's request to proceed in forma pauperis, Docket No. 2, is **GRANTED** solely for purposes of resolving the motion to dismiss.